C & C Pawnbrokers, LLC, American Cash & Loan, Inc., and Pawn Doctors, Inc., Plaintiffs-Respondents,
v.
City of Eau Claire, Defendant-Appellant.
No. 04-2324-FT.
Court of Appeals of Wisconsin.
Opinion Filed: February 8, 2005.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶ 1 PER CURIAM.
The City of Eau Claire appeals a judgment declaring an ordinance unconstitutional.[1] The City argues that the appellants failed to overcome the presumption of constitutionality afforded ordinances and statutes. We agree and reverse the judgment.
¶ 2 In November 2003, the City adopted EAU CLAIRE, WIS., ORDINANCE NO. 6459 (effective July 1, 2004), which created ch. 5.04 relating to pawnbrokers. Specifically, a portion of the chapter requires pawnbrokers to join the Automated Pawn System (APS), a computerized system that allows users to track information about both customers and merchandise. The APS is administered by the Minneapolis Police Department in Minnesota.[2] Additionally, the ordinance imposes a $1 fee per transaction.
¶ 3 The plaintiffs-appellants in this case, to whom we will collectively refer as the pawnbrokers, filed a complaint and motion for a temporary restraining order to prohibit the City from implementing ch. 5.04. The pawnbrokers complained the ordinance violated equal protection because secondhand stores are not required to participate in the APS. The trial court granted the temporary restraining order and, following briefing, declared the ordinance unconstitutional because it: (1) violated equal protection by not requiring secondhand stores to participate; (2) imposed a tax on the pawnbrokers; and (3) subjected participants to Minnesota regulations. The City appeals.
¶ 4 All legislative acts are presumed constitutional and any doubt must be resolved in favor of the ordinance. Eastman v. City of Madison, 117 Wis. 2d 106, 111, 342 N.W.2d 764 (Ct. App. 1983). The burden of establishing unconstitutionality beyond a reasonable doubt is on the party challenging the ordinance. See id.; see also State v. Borrell, 167 Wis. 2d 749, 762, 482 N.W.2d 883 (1992).
¶ 5 In this case, the pawnbrokers contend the ordinance is unconstitutional because it treats them differently from secondhand dealers, thereby violating due process. However, a city "does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect." Dandridge v. Williams, 397 U.S. 471, 485 (1970). Where suspect classes are not involved, we employ only a "rational basis" standard of review.[3]Funk v. Wollin Silo & Equip., Inc., 148 Wis. 2d 59, 69, 435 N.W.2d 244 (1989). The general rule is that legislation is presumed valid and will be sustained if the classification is rationally related to a legitimate government interest. See id. That is, "[a] classification will be held constitutional if there exists a rational and reasonable basis for different treatment." Id. We conclude the City had a rational and reasonable basis for applying the APS requirement exclusively to the pawnbrokers.
¶ 6 During hearings prior to enacting the ordinance, the City Council heard evidence that there are more pawn transactions than secondhand transactions, and much more stolen property is recovered from the City's pawnshops than from its secondhand dealers. The evidence presented stated that from 1998-2001, there were 207 cases where stolen items were recovered in Eau Claire pawnshops, compared to nine cases where items were recovered in secondhand stores. That is, stolen property was twenty-three times more likely to be found in a pawnshop. Since 2003, there have been eighty-four cases in which stolen property was recovered from a pawnshop but only one case in which the property was recovered from a secondhand store. Based on this undisputed data, the City reasonably and rationally concluded it should require heightened monitoring from pawnshops, more than it needs to require of secondhand stores.
¶ 7 "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." Dandridge, 397 U.S. at 485. The aforementioned facts are sufficient.[4] The burden of proof requires the pawnbrokers to show the ordinance is unconstitutional beyond a reasonable doubt. They have failed to show the City lacks a legitimate government interest in regulating the pawnbrokers, and they have failed to show the City lacks a rational basis for differentiating between pawnbrokers and secondhand dealers.
¶ 8 The pawnbrokers complain that the $1 per transaction fee the City wants to collect amounts to an unconstitutional tax enacted without taxing authority. We disagree. "The charging of a reasonable fee does not corrupt the otherwise constitutional purposes of the ordinance." City of Milwaukee v. Hoffmann, 29 Wis. 2d 193, 199, 138 N.W.2d 223 (1965). "The distinction between a tax and an imposition under the police powers [of WIS. STAT. § 62.11(5)] is well stated ...." Id. "The one is made for regulation and the other for revenue. If the purpose is regulation the imposition ordinarily is an exercise of the police power, while if the purpose is revenue the imposition is an exercise of the taxing power and is a tax." Id. at 200 (citation omitted). The pawnbrokers provide no evidence that the purpose of this surcharge is generation of revenue; because they are the challengers, the burden is theirs. We conclude they have failed to establish the transaction fee is a tax.
¶ 9 Finally, the pawnbrokers also complain that, because the APS is run in Minneapolis based on Minnesota's statutory requirements, they are subject to another jurisdiction's laws. Our understanding from the briefs is that the primary purpose of the APS is to record information about customers and merchandise. The pawnbrokers have not shown that they must do something more under Minnesota law to use the system that Wisconsinor Eau Clairedoes not already require. It is therefore irrelevant who developed or administers the software. The pawnbrokers have failed to demonstrate that the APS is anything more than electronic storage of data that happens to be physically located in Minnesota.
By the Court.  Judgment reversed.
NOTES
[1] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] It is unclear from the record whether APS is a system created by the Minneapolis police or a national system operated regionally from Minneapolis. However, the distinction is immaterial for purposes of this opinion.
[3] The parties agree that there are no suspect classes involved in this case.
[4] The City also explains the ordinance's objectives of crime prevention, stolen property recovery, consumer protection, and efficient use of city resources. While these are important justifications for the ordinance, they do not fully provide a context for differentiating between pawnshops and secondhand stores until one considers the greater incidence of stolen items at the pawnshops. Indeed, the pawnbrokers do not seriously dispute the need for crime prevention, recovery of property, or consumer protection. They protest only the unequal application of the monitoring requirement.